KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No.   CV 22-00712-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's First Amended Complaint (Doc. 12) and Motion to Amend (Doc. 14). The Court will grant the Motion to Amend and dismiss the First Amended Complaint and this action.

**I.     Background**

On April 27, 2022, Plaintiff Thomas Stewart, Jr., who is not confined and is proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a May 11, 2022 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. After receiving multiple extensions of time, Plaintiff filed his First Amended Complaint on December 29, 2022. On January 3, 2023, Plaintiff filed a Motion to Amend (Doc. 14).

**II.    Motion to Amend**

In his Motion to Amend, Plaintiff asks that his request for relief ($14 million in damages) be added to his First Amended Complaint. The Court will grant the Motion and consider the request for relief as part of Plaintiff's First Amended Complaint.

### III. Statutory Screening

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding in forma pauperis and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

. . . .

**IV.     First Amended Complaint**

Plaintiff names the following Defendants in his three-count First Amended Complaint: Maricopa County; Phoenix Police Department, City of Phoenix Police Officer Ryan D. Shell; Irene Hillard; Jere Jackson; State Police Officer J. Reyes; Oasis Re-entry Service Director Anthony Pheffer; The Canyon Apartments; Maricopa County Phoenix Homeless Shelter (CASS);[1] CASS Director Lisa Glow, Human Campus Services Director Christine Gardiyer, and Counselors Jane Doe and John Doe; Contract Defense Attorney Vernon Lorenz; Arizona Department of Transportation (ADOT); Pennsylvania Department of Motor Vehicles (DMV); Tanner Terrace Apartments; "Just-a-Center" Owners Rudy and Wendy Doe; and Maricopa County Victim Service.  Plaintiff seeks money damages.

Plaintiff claims he suffers from spinal stenosis, disc degeneration, and bulging discs, and uses a back brace, cane, pain medications, and spinal injections to manage his condition.  On June 18, 2018, Plaintiff was "released from incarceration[] to[] pure hell."

In late December 2019 or spring 2020, Plaintiff received an injection for pain and was taking tramadol, gabapentin, diclofenac, and lidocaine.  Plaintiff claims that "despite [his] explanation of his medical conditions, and need for housing, . . . help was not [o]ffered."  Plaintiff claims he did not obtain housing until July 2022 and "received the apt. [him]self."  Plaintiff asserts it took four years for him to find an apartment and "all Defendants must answer for these most malicious[] and sadistic[] treatments . . . ."

Plaintiff claims that in March 2021, he was accused of assault, criminal damage, and defacing property, but the charges were dismissed without prejudice in April 2021. Plaintiff alleges the arresting officer, Defendant Ryan, had "no evidence."

In Count One, Plaintiff claims Defendants violated his Sixth, Eighth, and Fourteenth Amendment rights to a speedy trial and impartial jury.  Plaintiff also claims he has objectively serious medical needs and "Defendants also have a 'sufficiently culpable state of mind' because they knew or should have known . . . of Plaintiff's conditions and

---

[1] "CASS" is the acronym for Central Arizona Shelter Services.

disregarded it." Plaintiff claims Defendants failed to treat his serious medical needs or provide him housing.

In Count Two, Plaintiff alleges Defendants violated his Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff contends "the county was simply wrong for denying Plaintiff the right to a fair and impartial trial, witness against, messed-up [his] life on fraud," and "perpetrated a fraud upon the courts [by] dismissing the proceeding to avoid speedy trial."

In Count Three, Plaintiff claims Defendants "violated the proscription against the abolishment of slavery," and Plaintiff's Fourteenth Amendment due process rights. Plaintiff alleges Defendant Lorenz violated Plaintiff's Sixth and Fourteenth Amendment rights by knowing "that dismissal was a miscarriage of justice . . . [and] for not object[ing]." Plaintiff claims Defendant ADOT violated the Eighth and Fourteenth Amendments because "privileges ha[ve] been unconstitutional[ly] taken." Plaintiff asserts the Defendant Pennsylvania DMV violated the Eighth and Fourteenth Amendments because "privileges [have] been taken away being frustrated and or impeded."

Plaintiff claims Defendant Tanner Terrace violated his Eighth and Fourteenth Amendment rights by "dismissing Plaintiff's apartment on day one, without moving after approval on 3-12-21 due to the fraud charges by Irene; Plaintiff waited almost 9 months for approval." Plaintiff claims that on April 27, 2021, the prosecutor dismissed all charges without prejudice, but this "m[e]ss-up Plaintiff's . . . apartment, business, everything gone."

Plaintiff alleges Defendants "Just-a-Center," Rudy, and Wendy violated his Eighth and Fourteenth Amendment rights "by displaying cruel and unusual punishments and equal protection of the law because 'you have money, unlike everyone else, that he needs to get an apartment.'"

Plaintiff asserts Defendant Maricopa County Victims Service violated the Fourteenth Amendment by failing to adhere "to the Court's order."

. . . .

. . . .

**V.     Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.     Defendants Maricopa County and Maricopa County Victim Services**

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Maricopa County maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendant Maricopa County.

Similarly, Plaintiff does not allege that Defendant Maricopa County Victim Services implemented a policy that resulted in violations of Plaintiff's constitutional rights. At most, Plaintiff alleges an employee of Maricopa County Victim Services failed to comply with a court order. As explained above, a municipality or division of a municipality is not liable based solely on the actions of its employees. The Court will dismiss Defendant Maricopa County Victim Services.

. . . .

### B.     Defendant Phoenix Police Department

Defendant Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit. *Gotbaum v. City of Phx.*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *see Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a nonjural entity); *see also Vicente v. City of Prescott*, 2012 WL 1438695, at *3 (D. Ariz. 2012) (city fire department is a nonjural entity); *Wilson v. Yavapai County Sheriff's Office*, 2012 WL 1067959, at *4 (D. Ariz. 2012) (county sheriff's office and county attorney's office are nonjural entities). Because Defendant Phoenix Police Department is not a separate entity, it is not capable of being separately sued. Thus, the Court will dismiss Defendant Phoenix Police Department.

Moreover, even if Plaintiff had sued the City of Phoenix, his allegations do not support a claim. A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long*, 442 F.3d at 1185. The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello*, 413 F.3d at 978-79. Plaintiff has failed to allege facts to support that the City of Phoenix maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Plaintiff therefore fails to state a claim against the City of Phoenix.

### C.     Defendants Shell and Reyes

Although unclear, Plaintiff appears to allege Defendants Shell and Reyes wrongfully arrested him. Plaintiff does not describe any of the circumstances leading up to his arrest.

To state a § 1983 claim for false arrest, Plaintiff must show that Defendants made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). "'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a

crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)); *see also Edgerly v. City & County of S.F.*, 599 F.3d 946, 953 (9th Cir. 2010) ("To determine whether the Officers had probable cause at the time of the arrest, we consider 'whether at that moment the facts and circumstances within [the Officers'] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))). "[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect *for any criminal offense*, regardless of their stated reason for the arrest." *Edgerly*, 599 F.3d at 954 (emphasis added). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Plaintiff's allegation that he was arrested for false charges is too vague and conclusory to state a claim, and the Court will dismiss the claims against Defendants Reyes and Shell.

**D.    Defendants ADOT and Pennsylvania DMV**

ADOT and the Pennsylvania DMV are not proper Defendants. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' . . . are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendants ADOT and Pennsylvania DMV.

**E.    Defendant Lorenz**

A prerequisite for any relief under § 1983 is a showing that the defendant has acted under the color of state law. An attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also*

*Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."). Accordingly, Plaintiff has failed to state a claim against Defendant Lorenz and he will be dismissed.

### F. Private Party Defendants

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Defendants Pheffer, Glow, Gardiyer, John Doe, Jane Doe, Rudy Doe, Wendy Doe, Irene Hillard, Jere Jackson, Oasis Re-Entry Center, CASS, Canyon Apartments, Terrace Apartments, and Just-a-Center are private parties, not state actors. Moreover, although private parties who are jointly engaged with state officials in the challenged action are acting under color of law, *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989), Plaintiff has stated nothing in his First Amended Complaint to suggest that these Defendants were jointly engaged with state officials in the challenged action. Moreover, "merely complaining to the police does not convert a private party into a state actor. Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Id.* at 1155 (internal citations omitted). Thus, the Court will dismiss Defendants Pheffer, Glow, Gardiyer, John Doe, Jane Doe, Rudy Doe, Wendy Doe, Irene Hillard, Jere Jackson, Oasis Re-Entry Center, CASS, Canyon Apartments, Terrace Apartments, and Just-a-Center.

. . . .

. . . .

**VI.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim against any Defendant in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Motion to Amend (Doc. 14) is **granted**.

(2)     The First Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim, pursuant to 28 U.S.C. § 1915e(2)(B), and the Clerk of Court must enter judgment accordingly.

(3)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 25th day of January, 2023.

James A. Teilborg
Senior United States District Judge