KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No.  CV 22-00712-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion re erratum" (Doc. 17) and "Objection" to the Court's Order of dismissal (Doc. 18).  The Court will deny the Motion and Objection.

**I.  Background**

On April 27, 2022, Plaintiff Thomas Stewart, Jr., who is not confined and is proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a May 11, 2022 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim.  After receiving multiple extensions of time, Plaintiff filed his First Amended Complaint on December 29, 2022.  In a January 25, 2023 Order, the Court dismissed the First Amendment Complaint and this action for failure to state a claim. Judgment was entered the same day.

On February 2, 2023, Plaintiff filed the "Motion re erratum," and on February 6, 2023, he filed his "Objection" and a Notice of Appeal.

. . . .

## II. "Motion re erratum"

In his "Motion re erratum," Plaintiff asks to add to his First Amendment Complaint allegations that Maricopa County employees were acting pursuant to practice or custom of Maricopa County. Plaintiff does not describe the practice or custom at issue and the addition of this allegation would not alter the Court's decision to dismiss this case. Accordingly, the Court will deny the "Motion re Erratum."

## III. Objection

In his "Objection," Plaintiff asserts the Court's Order of dismissal "is simply wrong," and appears to seek reconsideration of dismissal. Plaintiff claims "CASS" is the acronym for Central Arizona Shelter Services[1] and "Arizona must be held responsible for its constituents." Plaintiff also reasserts that in light of his medical issues, he was wrongfully denied "Project 8" housing and employment.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D.

---

[1] Central Arizona Shelter Services is a private non-profit organization, not a state entity. *See* https://www.cassaz.org/about-us/ (last accessed Mar. 28, 2023.)

Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the First Amendment Complaint, Order of dismissal, and Plaintiff's "Objection." The Court finds no basis to reconsider its decision. Accordingly, the Court will deny the "Objection."

**IT IS ORDERED:**

(1) Plaintiff's "Motion re erratum" (Doc. 17) is **denied**.

(2) Plaintiff's "Objection" (Doc. 18) is **denied**.

(3) The Clerk of Court must send a copy of this order the Ninth Circuit Court of Appeals and indicate this Order relates to the Ninth Circuit Court of Appeals case number 23-15173.

Dated this 6th day of April, 2023.

James A. Teilborg
Senior United States District Judge